UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KYAIRA JUMPER,

Plaintiff,

v.

KINGS COUNTY SUPREME COURT; BRENDA HORTON,

Defendants.

**MEMORANDUM AND ORDER**

26-cv-01567 (LDH) (JRC)

LASHANN DEARCY HALL, United States District Judge:

Kyaira Jumper ("Plaintiff"), proceeding *pro se*, brings this action against Kings County Supreme Court and Brenda Horton ("Defendants"). Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this Order. For the reasons discussed below, the Complaint is dismissed, and Plaintiff is enjoined from future filings.

**BACKGROUND**

Plaintiff's complaint is nonsensical. In the Statement of Claim section of the form, Plaintiff states, "courtesy of polite behavior, actions, or remarks that show respect, consideration, and kindness towards others.; Generosity/Privilege to a favor or service provided without charge, such as 'courtesy of' a sponsor." (Compl. at 5.) In the Relief section, Plaintiff states, "I am the renown Kyaira Jumper." (*Id.* at 6.) Plaintiff lists the amount in controversy as "Privilege equallation" and "law e[n]forcement." (*Id.* at 5.) This is Plaintiff's eleventh complaint filed in this Court since September 2025.[1]

[1] *See Jumper v. 84th Precinct*, No. 25-CV-4399 (LDH) (JRC); *Jumper v. State of New Jersey*, No. 25-CV-4400 (LDH) (JRC); *Jumper v. Cephus*, No. 25-CV-4966 (LDH) (JRC); *Jumper v. 911 Dispatcher*, No. 25-CV-5285 (LDH) (JRC); *Jumper v. Edwards*, No. 25-CV-1770 (LDH) (JRC); *Jumper v. Patel*, No. 25-CV-6645 (LDH) (JRC); *Jumper v. Roberts II et al.*, No. 25-CV-6952 (LDH) (JRC); *Jumper v. Holmes-Norton et al.*, No. 26-CV-113 (LDH) (JRC); *Jumper v. Owens et al.*, No. 26-CV-331 (LDH) (JRC); *Jumper v. Kalanick et al.*, No. 26-CV-1277 (LDH) (JRC).

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id.* (internal citation omitted). Where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B).

## DISCUSSION

Upon review of the Complaint, liberally construed, the Court has determined that the Complaint lacks an arguable basis either in law or in fact. Specifically, Plaintiff's statements that "courtesy of polite behavior, actions, or remarks that show respect, consideration, and kindness towards others.; Generosity/Privilege to a favor or service provided without charge, such as

'courtesy of' a sponsor," (Compl. at 5), and "I am the renown Kyaira Jumper," (*id.* at 6), are frivolous because they lack any arguable basis in law or in fact. *See* 28 U.S.C. § 1915(e)(2)(B)(i); s*ee also Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) ("A claim is frivolous 'where it lacks an arguable basis either in law or in fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))); *Walker v. Real Life Church*, No. 22-CV-4455, 2022 WL 3358088, at *1 (E.D.N.Y. Aug. 15, 2022) (dismissing *pro se* complaint as frivolous where the Court could not discern what cognizable harm the plaintiff suffered).

Notwithstanding Plaintiff's *pro se* status, such dismissal is without leave to amend as the Court finds that amendment would be futile. *See Hakaniemi v. Zuckerberg*, No. 21-CV-04345, 2021 WL 3566221, at *2 (E.D.N.Y. Aug. 12, 2021) (dismissing *pro se* plaintiff's complaint as frivolous, denying leave to amend where complaint was "devoid of any arguable basis in fact or in law, defects which cannot be cured by amendment," and collecting cases).

**ANTI-FILING INJUNCTION**

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). In considering whether to issue an anti-filing injunctions, the court must consider: " (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the

litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam).

The Court has considered all of these factors and determined the imposition of an anti-filing injunction is appropriate for four reaons: *First*, as discussed above, Plaintiff has a history of filing vexatious lawsuits. Indeed, this is Plaintiff's eleventh lawsuit filed before this Court, all of which are frivolous. *Second*, based on a review of the Complaint, Plaintiff does not have a good faith expectation of prevailing because the lawsuits each offer nonsensical statements that bring forward no claim nor controversy. *Third*, the litigant has posed an unnecessary burden on the Court and its personnel by causing the Court to expend its limited resources on Plaintiff's frivolous actions. *Fourth*, there are no alternatives that would ensure Plaintiff has a meritorious belief that she is entitled to relief from the Court save issuing an injunction and requiring Plaintiff to seek leave to file any future lawsuit. Accordingly, the Court hereby enjoins Plaintiff from filing any future litigation at the U.S. District Court for the Eastern District of New York without first seeking leave from the Court.

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is DISMISSED as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff, noting the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and

therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge